UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14208-CIV-GRAHAM/LYNCH

MARIA LEONIDES ARELLANO SALAZAR,

    Petitioner,                                    Under Seal

v.

APOLINAR ALVAREZ SEGURA,

    Respondent.

_____/

FILED by _____ D.C.

AUG 1 7 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON VERIFIED EMERGENCY MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER (DE 4)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 6) and the above Motion. Having reviewed the Motion, noting that the Petitioner moves on an emergency, ex parte basis, this Court recommends as follows:

1.    The Petitioner seeks to have her two children returned to her under the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, et seq. ICARA provides the legal framework for determining whether a child has been wrongfully removed from his or her country of residency and should be returned to that country. An ICARA proceeding does not concern any underlying custody dispute, and a District Court considering an ICARA petition cannot decide the underlying custody dispute. Rather a District Court only has jurisdiction to decide the merits of the wrongful removal claim. See Hanley v. Roy, 458 F.3d

641 (11th Cir. 2007) and In The Matter of Ahumada Cabrera, 323
F.Supp.2d 1303 (S.D.Fla. 2004). The Petitioner sets forth her
ICARA claim in her Petition (DE 1).

2.   The merits of the Petitioner's ICARA claim are not
before the Court at this time. At issue now is whether the
Petitioner is entitled to the ex parte injunctive relief
requested by the Petitioner, pursuant to Rule 65(b),
Fed.R.Civ.P., to secure the children's presence before this Court
pending a ruling on the Petition's merits. The Petitioner seeks
to prevent the children from being removed from this Court's
"jurisdiction" which this Court presumes to mean the Southern
District of Florida. Based on the arguments raised and the
documentary evidence attached to the pleadings, this Court finds
that the Petitioner is entitled to temporary injunctive relief.

3.   The Petitioner contends that while her children were
born in the United States, they have lived in Mexico. The
Petitioner alleges that the children's father, the Respondent,
abducted them in August 2008. On the day in question the
children's maternal grandmother was caring for them while the
Petitioner was at work. The Respondent allegedly came and removed
the children without the Petitioner's knowledge or consent. He
did so under the ruse of obtaining medical care for one of the
children. The Petitioner alleges further that the Respondent
misled the maternal grandmother into signing a document that

described the child as abandoned.

4.    The Respondent then took the children to the United States. He has kept the children's whereabouts concealed and has not allowed contact with the Petitioner. The Petitioner initiated legal action in April 2009 to find her children and to secure their return. She applied to the Central Authority of Mexico for such assistance, and that agency forwarded her request to the equivalent authority here in the United States. The United States Central Authority eventually located the children, and on January 5, 2010 it contacted the Respondent asking him to return the children. The Respondent has not complied with this request.

5.    Assuming that these facts are true, they demonstrate a substantial likelihood of success on the merits. Moreover the alleged surreptitious nature of the Respondent's actions in removing the children from Mexico warrants the inference that the Respondent might remove the children from this Court's jurisdiction pending final resolution of the Petitioner's claim. Any such action on the Respondent's part would pose irreparable harm to the Petitioner. Maintaining the current status quo, i.e., keeping the children in this Court's jurisdiction where they and the Respondent purportedly live does not pose a harm to the Respondent which is outweighed by the risk of harm to the Petitioner. Lastly the entry of this temporary restraining order ("TRO") would not be adverse to the public interest. The

Petitioner therefore meets the standards for the issuance of a TRO. See Parker v. State Bd. of Pardons & Parole, 275 F.3d 1032, 1035 (11th Cir. 2001), Snowden v. Town of Bay Harbor Islands, Fla., 358 F.Supp.2d 1178, 1188 (S.D. Fla. 2004).

6.    This Court finds good cause to waive the Rule 65(c) requirement for security. As set forth in her Motion to Proceed In Forma Pauperis (DE 3), the Petitioner has very limited financial means, and her counsel is representing her on a pro bono basis. Moreover the nature of the temporary injunction in securing the childrens' continued presence in this jurisdiction where they already live would not pose any undue cost on the Respondent if it later is determined to have been wrongfully imposed.

7.    Certain facets of the Petitioner's TRO request are unclear, however. First, the Petitioner asks for the injunction to last for the duration of the proceedings. However, a Rule 65(b) TRO has a finite life span which is fourteen (14) days, with the provision to renew/extend for an additional fourteen (14) days while the District Court is making a final determination of the merits of the Petitioner's underlying ICARA claims.

8.    In the event the District Court adopts this Report and Recommendation and issues a Temporary Restraining Order, then the District Court will have to conduct an evidentiary hearing within

Page 4 of  7

the limited parameters of the ICARA statute while the TRO is in effect. The notice or order setting the evidentiary hearing shall issue after the U.S. Marshal advises the Court of service of the TRO on the Respondent. With respect to the evidentiary hearing, when set, both the Petitioner and Respondent will have to be present. For any future hearings counsel for the Petitioner also will need to advise the Clerk of Court as to whether or not a translator will be needed for the parties.

9.   This Court rules by way of Report and Recommendation because it lacks the jurisdiction to enter an injunction. <u>See</u> <u>Dole Fresh Fruit Co. v. United Banana Co., Inc.</u>, 821 F.2d 106, 108, n.1 (2nd Cir. 1987) and Local Magistrate Rule 1(d)(1)(A). Moreover, because the Petitioner is moving on an ex parte basis and because the proceedings are under seal, this Court is not giving the Respondent notice or the opportunity to object.

**ACCORDINGLY**, this Court recommends to the District Court that the Petitioner's Emergency Motion for Ex Parte Temporary Restraining Order be **GRANTED**. As the Petitioner requests, this Court recommends that the Respondent, Apolinar Alvarez Segura, be:

(1)   prohibited from removing the Petitioner's two children, identified in the pleadings as D.S. and A.S., from the Southern District of Florida or from allowing the children to leave the Southern District of Florida. For clarification purposes the

Page 5 of  7

Southern District of Florida encompasses the following counties: Indian River County, St. Lucie County, Highlands County, Okeechobee County, Martin County, Palm Beach County, Broward County, Dade County and Monroe County.

(2)  be required to hand the children's passports over to the U.S. Marshal upon service of the TRO, and

(3)  be required to attend all court hearings with the children.

Upon entry of a TRO, this Court recommends further that:

(1)  the Clerk of Court prepare a copy of the Verified Petition together with all attachments (DE 1), Memorandum of Law (DE 2), Verified Emergency Motion for TRO (DE 4), and the District Court's TRO. The Clerk of Court shall direct the U.S. Marshal to serve them on the Respondent at the address listed by the Petitioner as: 1230 Ormond Ave., Fort Pierce, Florida 34950. The U.S. Marshal shall keep the Court apprised of the status of service by promptly filing a return of service, and lastly,

(2) the TRO be entered under seal and that the case remain under seal until the U.S. Marshal files the return of service.

The Petitioner shall have **fourteen (14) days** from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

Page 6 of  7

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this
17th day of August, 2010.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Donald L. Graham
     Candace A. Mance, Esq.

Page 7 of  7